```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF GEORGIA
                           ATHENS DIVISION

LINDA ABBS, et al.,              *
      Plaintiffs,                *
                                       CONSOLIDATED LEAD CASE NO.
vs.                              *        3:21-cv-47 (CDL)

GEORGIA RENEWABLE POWER, LLC,    *     MEMBER CASE NO.
et al.,                                   3:21-cv-52 (CDL)
                                 *
      Defendants.
                                 *
```

O R D E R

The pretrial conference in this matter is scheduled for October 9, 2024, and the trial is scheduled for the November 2024 trial term. In the joint proposed pretrial order, Plaintiffs included Mark and Beth Bellamy as Plaintiffs even though the Court previously granted Defendants' summary judgment motion as to all the Bellamys' claims. Defendants object to including the Bellamys as Plaintiffs at trial. As discussed below, the Court never vacated its order granting summary judgment in favor of Defendants on the Bellamys' claims, so the Bellamys have no remaining claims to try. Accordingly, the Bellamys will not be included as Plaintiffs in the upcoming trial.

DISCUSSION

Defendants own and operate a biomass power generation plant in Franklin County, Georgia. Linda Abbs owned property near the Franklin Plant when it began operating for a commissioning period

in 2019.  The commissioning period lasted until February or March 2020, then regular operations began.  Abbs transferred the property into a revocable living trust and moved from the property in late July 2020.  Abbs's son and daughter-in-law, Mark and Beth Bellamy, moved to the property in 2020, after the Franklin Plant began operations.  They purchased the property from the trust in February 2021.  Abbs and the Bellamys brought a nuisance and negligence action against Defendants, claiming that the Franklin Plant emits excessive noise that impacts their property.  The Court consolidated the Abbs/Bellamy action (3:21-cv-52) with twenty-three other nuisance/negligence actions against Defendants.  Order (May 24, 2021), ECF No. 10 in 3:21-cv-52.

Following discovery, Defendants moved for summary judgment as to the claims of all Plaintiffs.  The Court denied the summary judgment motions as to the noise nuisance claims of Linda Abbs, although it concluded that Abbs and several other Plaintiffs had not presented evidence to support a continuing nuisance claim.  *See* Summ. J. Order 21-25 (June 16, 2023), ECF No. 186 in 3:21-cv-42.  The Court granted the summary judgment motions as to all the Bellamys' claims because they purchased the property after the Franklin Plant began operations.  *Id.* at 31.  The Court explained that a property owner "may not complain about conditions existing upon the property at the time of purchase." *Wiggin v. Horne*, 512 S.E.2d 247, 248 (Ga. 1999).  If materially different conditions

created a nuisance after the purchase, then claims based on the new nuisance would not be barred. But the Bellamys did not present evidence that materially different post-purchase conditions created a nuisance for their property, so the Court granted summary judgment in favor of Defendants on all the Bellamys' claims. Summ. J. Order 31. The Bellamys filed a motion for reconsideration of that decision, which the Court denied. Order 5 (July 17, 2023), ECF No. 197.

In November 2023, the Court severed six cases for trial during the Court's May 2024 trial term. The Abbs case (3:21-cv-52) was not one of severed cases. In preparation for the May 2024 trial, Plaintiffs obtained new sound measurements and filed a consolidated motion for reconsideration of the Court's previous order granting summary judgment as to several Plaintiffs on their claims for continuing nuisance and related negligence claims. That motion acknowledged that the Court had previously granted summary as to all the Bellamys' claims, although the motion misstated the reason for the ruling as simply being a lack of continuing nuisance evidence. The motion did not address the unique facts of the Abbs/Bellamy case. The Court granted the motion for reconsideration to the extent that it vacated the portion of the summary judgment order which suggested that the noise nuisance was permanently abated as a matter of law in September 2021. Order 2 (Apr. 12, 2024), ECF No. 222. The Court explained that the

3

Plaintiffs who were barred from pursuing continuing nuisance claims in the original summary judgment order based on a lack of evidence would be permitted "to pursue their claims that the Franklin Plant amounts to a permanent nuisance that cannot be abated." *Id.* at 3. That order addressed the "non-continuing nuisance Plaintiffs" generally and did not address the unique facts of the Abbs/Bellamy case.

The Bellamys did not file a motion for reconsideration of the Court's ruling on their claims. The Court's general ruling in the reconsideration order as to the other Plaintiffs did not address the Bellamys' unique claims. The Court did not explicitly vacate its summary judgment order as to the Bellamys, and the Court did not intend to do so. It is the Court's understanding that Plaintiffs' new sound measurement evidence simply supports the conclusion that a noise nuisance created by the Franklin Plaint was not abated in September 2021. So, for most of the Plaintiffs, this new evidence revived their claim that the nuisance continued after Defendants' September 2021 remediation efforts. But since the Bellamys bought their property after the Franklin Plant began operations and thus knew about the noise the plant emitted, they had to overcome the "existing conditions" bar. Simply presenting evidence that the noise nuisance continued is not enough; there must also be evidence that the current conditions are materially different than the conditions that existed when they bought the

4

property. The Bellamys did not present such evidence, so even if they had filed a proper motion instead of slipping their names into the proposed pretrial order, they did not establish that the Court should reconsider its previous ruling.

CONCLUSION

Because the Court granted summary judgment against the Bellamys on all their claims, they will not be Plaintiffs at trial. The only Plaintiffs left in this action are Linda Abbs, who resided at the property until August 2020, and the Linda Abbs Revocable Trust, which owned the property from July 2020 until February 2021. The Linda Abbs and Linda Abbs Revocable Trust claims will be tried with the claims of Samuel Elrod and Kathy Elrod at a consolidated trial during the Court's November 2024 trial term.

IT IS SO ORDERED, this 7th day of October, 2024.

s/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA